UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RODNEY DEWAYNE JOHNSON,

    Plaintiff,

v.                                                    Case No. 3:23cv105-LC-HTC

A. SCOTT OFFICER #779,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Rodney Dewayne Johnson, an inmate at the Okaloosa County Jail, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 by delivering it to Jail mail officials on December 18, 2022. ECF Doc. 1. Upon receiving the complaint on January 5, 2023, the clerk sent Plaintiff a Notice to Pro Se Litigant. ECF Doc. 2. On January 6, 2023, the Court ordered Plaintiff to pay the full $402.00 filing fee or file a motion to proceed *in forma pauperis* within twenty-one (21) days. ECF Doc. 3. In that order, the Court specifically advised Plaintiff that his failure to comply with the order or failure to update his address may result in a recommendation of dismissal. *Id.* The time for Plaintiff to comply has passed.

Also, on January 18, 2023, the Notice to Pro Se Litigant was returned as undeliverable. The clerk reviewed the Jail's website[1] and determined Plaintiff had been released on December 28, 2022, which was after he filed suit but before the Court received his complaint. Plaintiff has not notified the Court of a change in his address and the Jail's website did not provide a forwarding address for Plaintiff. Thus, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with an order of the Court, and failure to keep the Court apprised of his address.

A district court may dismiss an action for a plaintiff's failure to provide the Court with their current address. *See McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case"). Additionally, this Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.

---

[1] http://www3.co.okaloosa.fl.us/ArchonixXJailPublic/Default.aspx

1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Dismissal is also appropriate for failure to prosecute as Plaintiff has not filed anything with the Court in over two (2) months. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute the claim, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with a Court order, and failure to keep the Court apprised of his address.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 3rd day of February, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:23cv105-LC-HTC